UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., et al.                                                                PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:12CV-677-S

PAPA JOHN'S INTERNATIONAL, INC., et al.                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Papa John's International, Inc. and Papa John's USA, Inc. (collectively "Papa John's"), to stay this action pending the outcome of related litigation in the United States District Court for the Western District of Washington (the "*Agne* action") and the United States District Court for the Eastern District of Virginia (the "*Downing* action"). For the reasons stated herein, the motion to stay (DN 15) will be denied, the cross motions of the parties for summary judgment will be remanded, and the matter will be scheduled for a status conference before United States Magistrate Judge James D. Moyer.

The plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA and American Home Assurance Company (collectively "insurers"), provided commercial general liability ("CGL") insurance to Papa John's. American Home provided coverage from October 1, 2006 through October 1, 2008, and National Union provided coverage from October 1, 2008 through October 1, 2012. The insurers seek a determination whether the claims in the *Agne* and *Downing* actions potentially fall within the coverage provided by the various CGL policies.

The insurers brought suit under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking

> a declaration, among other things, that the *Agne* and *Downing* Actions fail to allege "property damage" caused by an "occurrence," or covered "personal and advertising injury" under six successive CGL policies issued to Papa John's from October 1, 2006 to October 1, 2012. In addition, even if the resolution of the previous questions led to the conclusion that coverage is potentially afforded, National Union and American Home seek a declaration that the policies' exclusion for "Violation Of Statutes In Connection With Sending, Transmitting Or Communicating Any Material Or Information" precludes any coverage for the claims...

Resp. in Opp. to Mo. to Stay, pp. 2-3.

The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a) (emphasis added), not that it must do so. This text has long been understood "to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed. 2d 214 ( 1995); *see also Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95, n. 17, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-496, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Supreme Court concluded that it is "more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Wilton, supra*, at 289, 115 S.Ct. 2137.

The touchstone of the decision whether to exercise jurisdiction under the Declaratory Judgment Act is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 119, 127 S.Ct. 764, 166 L.Ed.2d 604 ( (2007), *quoting Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 86 (1941).

In addressing Papa John's motion to stay this matter, the court discovered that the *Downing* case was dismissed with prejudice by the United States District Court for the Eastern District of Virginia on June 20, 2013 (Civil Action No. 2:12cv-422(MSD/LRL), DN 90), and that preliminary approval of a class action settlement was entered by the United States Ditrict Court for the Western District of Washington on June 14, 2013 (Civil Action No. C10-1139 JCC, DN 373). Thus the underlying matters now appear to be resolved. The court had not been apprised of these facts, nor of the impact of the settlements on the continued viability of this litigation.

As explained by Papa John's in the memorandum in support of its motion to stay, the policy allegedly in force during the pertinent time period[1] in question in *Agne*

> has a $1.5 million limit of liability for "each occurrence" of a covered "personal and advertising offense" with a $500,000 "per occurrence or offense" self-insured retention ("SIR"). Unlike most CGL policies, however, National Union has no threshold obligation under the Policy to defend suits against the insured, but rather, is obligated only to reimburse its insured for a pro-rata share of defense costs once Papa John's has satisfied its SIR. Papa John's defense attorneys' fees do not count against the SIR amount.

The insurers opposed the motion to stay, urging that the uncertainty concerning its obligation, if any, to Papa John's under the policy and its concomitant concern regarding participation in settlement negotiations would be alleviated by this court's determination of the coverage questions raised in the declaratory complaint. It is unclear to this court what issues remain to be addressed herein.

Therefore, motions having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

---

[1] In the *Agne* Action, Papa John's, various franchisees and other were allegedly responsible for the sending of more than 70,000 unsolicited text messages to the cell phones of Seattle area residents between October 2009 and April 2010.

(1)  The motion of the defendants, Papa John's International, Inc., *et al*, to stay the litigation (DN 15) is **DENIED AS MOOT.**

(2)  The cross motions of the parties for summary judgment (DNs 21; 25) are **REMANDED**.

(3)  This matter is **REFERRED** to United States Magistrate Judge James D. Moyer for a **STATUS CONFERENCE.**

**IT IS SO ORDERED.**

September 6, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**